## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**HENRY HINTON, JR., # 200283**                                              **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 5:16cv14-KS-MTP**

**PIKE COUNTY, PIKE COUNTY**
**DETENTION CENTER, MARK**
**SHEPPARD, DONNA ADAMS, and**
**LIEUTENANT HAROLD**                                                      **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Henry Hinton, Jr., is

incarcerated with the Mississippi Department of Corrections. He challenges the conditions of his

prior confinement at the Pike County Detention Center. The Court has considered and liberally

construed the pleadings. As set forth below, the Defendant Pike County Detention Center is

dismissed, as is the claim regarding the denial of access to court.

### BACKGROUND

Hinton filed this action on February 11, 2016. Besides Pike County and the Jail itself,

Defendants are Sheriff Mark Sheppard, Donna Adams and Lieutenant Harold, the latter two of

whom are employed at the jail. Hinton contends that his rights to medical privacy, access to the

courts, and due process were violated when he was housed at the Pike County Detention Center.

He also claims to have been subjected to cruel and unusual conditions, while there.

Hinton first claims Pike County and Sheppard violated his privacy when two different

officers escorted Hinton to two different doctor visits in July of 2015. Hinton alleges that,

pursuant to County policy, each officer was present during the examination. Subsequently,

Hinton contends that these two officers then told other officers about the examines. Eventually

even inmates were discussing Hinton's medical issues.  He does not describe the medical issues here.

Next, Hinton alleges that Pike County deprived him of access to State court.  In a State forfeiture action, Hinton claims he was not given an attorney or access to a law library.  Hinton also was unable to obtain stamps and envelopes for a period of time, when he was in isolation.  As a result, he was allegedly unable to recover $7,764.00 that was taken from him when he was arrested.

This is not the first time Hinton has sued Pike County for the alleged denial of access to the courts.  This identical incident was raised in civil action number 5:15cv77-DCB-MTP, *Hinton v. Pike County*, which is still pending before the Court.  The claim first appeared on August 19, 2015, in that original Complaint.  *Hinton v. Pike County*, No. 5:15cv77-DCB-MTP, Dkt. 1 at 8 (S.D. Miss. Aug. 19, 2015) ("*Pike County I*").

In addition to this claim that began when property was taken upon arrest, Hinton complains about property seized from him at the jail.  Specifically, he argues that a pair of glasses was confiscated, by jail officials, because of a policy prohibiting an inmate from having more than one pair of glasses.  Hinton contends that he was prescribed two pair of glasses and that he needed both due to "changing focal points" in his eyes.  (Compl. at 14).  According to Hinton, when he filed a grievance with Lieutenant Harold, Hinton was referred to the jail nurse.  She, however, refused to respond to his request for his glasses.  Liberally construed, Hinton thus appears to assert a due process claim and an Eighth Amendment claim for the taking of his glasses.

Additional claims concerning the alleged cruel and unusual conditions of Hinton's

confinement are that he was subject to overcrowding and that he was denied recreation at various intervals during his detention with the Pike County Detention Facility.  He asserts that, from his arrest on June 30, 2014, until his conviction, the County denied detainees recreation on a regular basis, sometimes for months at a time.  This was also true, Hinton contends, when he was placed on lock down, in an isolation cell, for at least four months.  During this time, Hinton alleges he was denied permission to leave his cell except to take a shower for ten minutes a day.  Furthermore, according to the pleadings, even though the cell was designed to hold only one person, Adams and Harold  made Hinton share the cell with another inmate, giving Hinton no room to exercise.  He claims that the jail "tends to always be over crowded."  *Id.* at 16.

Hinton now brings this action, seeking damages and injunctive relief.  He brings his privacy, access to courts, due process, denial of medical care, and recreation claims against the County and Sheppard and the overcrowding claims against all Defendants.  Although Hinton also brings these claims against the Pike County Detention Center, he now moves to voluntarily dismiss it.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court.  The statute provides in part, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose

factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Hinton to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

CLAIMS AGAINST THE JAIL

On March 28, 2016, Hinton filed a Response [8], in which he moves to dismiss the Pike County Detention Center. The Court finds the motion is well taken and should be granted.

DENIAL OF ACCESS CLAIM

Hinton also claims that the County and Sheppard denied him access to the court in his State forfeiture action, causing him to lose the $7,764 taken from him at arrest. This exact claim is pending against the County in *Pike County I*. It is "'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). The denial of access to court claim is therefore dismissed here as both duplicative and malicious. This dismissal is without prejudice as to the other pending lawsuit and is with prejudice in all other respects. *Id.*

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, Defendant Pike County Detention Center should be, and is hereby, **DISMISSED WITHOUT PREJUDICE**, pursuant to Federal Rule of Civil Procedure 41(a).

**IT IS FURTHER ORDERED AND ADJUDGED** that the claim regarding denial of

access to court is duplicative and malicious and is **DISMISSED WITHOUT PREJUDICE** to the pending lawsuit of *Hinton v. Pike County*, cause number 5:15cv77-DCB-MTP (S.D. Miss.), and is **DISMISSED WITH PREJUDICE** in all other respects. *Pro se* Plaintiff Henry Hinton, Jr., is assessed a strike pursuant to 28 U.S.C. § 1915(g). The remainder of the case shall proceed.

      **SO ORDERED AND ADJUDGED**, this the 11th day of April, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE