IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**HENRY HINTON, JR.**                                                                                                  **PLAINTIFF**

**V.**                                                 **CIVIL ACTION NO. 5:16-CV-14-KS-MTP**

**PIKE COUNTY,** *et al.*                                                                           **DEFENDANTS**

<u>**ORDER**</u>

Plaintiff filed a Motion for Reconsideration [14] of the Court's *sua sponte* Memorandum Opinion and Order [10] of partial dismissal. "A motion asking the court to reconsider a prior ruling is evaluated either as a motion . . . under Rule 59(e) or . . . under Rule 60(b). The rule under which the motion is considered is based on when the motion is filed. If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). Plaintiff's motion was filed within twenty-eight days of the Court's opinion, and Rule 59(e) applies.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C.*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could

have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009). It is "an extraordinary remedy that should be used sparingly." *Id*. Before filing a Rule 59(e) motion, parties "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

Plaintiff has provided no reason for the Court to reconsider its previous ruling. The claims dismissed from this case were duplicative of claims asserted in another pending case, *Hinton v. Pike County*, No. 5:15-CV-77-DCB-MTP, and the Court **denies** Plaintiff's Motion to Reconsider [14] for the same reasons provided in its previous opinion [10].

SO ORDERED AND ADJUDGED, on this, the 29th day of April, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE