IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**HENRY HINTON, JR.**                                                   **PLAINTIFF**

**V.**                              **CIVIL ACTION NO. 5:16-CV-14-KS-MTP**

**PIKE COUNTY,** *et al.*                                        **DEFENDANTS**

**ORDER**

For the reasons provided below, the Court **denies** Plaintiff's Motion for Default Judgment [27].

*A.  Background*

This is a civil rights case filed by a prisoner with *in forma pauperis* status. On April 12, 2016, the Court directed [11] the Clerk to issues a notice of lawsuit and request for waiver of service to the Defendants. Defendants did not execute the waiver, and the Court later entered an order [20] directing the Clerk to issue summons and ordering the Marshals to serve Defendants. The Clerk issued summons on the same day [21].

On July 6, 2016, the Marshals filed a return of summons executed as to Pike County, Mississippi. According to the return [22], Pike County was served on June 21, 2016. The Marshals also filed a return of summons unexecuted [23] as to the individual Defendants Harold, Sheppard, Adams, and Irby. On July 13, 2016, Defendants Pike County, Sheppard, Adam, and Harold filed a waiver [26] of service of summons and an Answer [25] to Plaintiff's Complaint.

On July 29, 2016, Plaintiff filed a Motion for Default Judgment [27], which the

Court now considers.

## B. *Discussion*

Plaintiff's motion is somewhat inscrutable, but he apparently offers two arguments. First, he argues that Defendants' counsel intended to file the waiver of service in May but forgot to do so. In support of this argument, he notes that the certificate of service attached to Defendants' Answer [25] is dated May 19, 2016.

A request for waiver of service is merely what it purports to be – a request. Defendants are not required to waive service, and this Court can not order them to do so. *See, e.g.* FED. R. CIV. P. 4(d). Even if Defendants' counsel forgot to respond to the request for waiver, that would not constitute a default.

Next, Plaintiff argues that Defendants' counsel perpetrated a fraud on the Court by inserting the date of June 30, 2016, as the date on which the request for waiver of service [26] was sent, rather than April 12, 2016, the date on which the Clerk actually sent the request [12].

The Court thoroughly examined the docket and cannot determine why the waiver of service form [26] filed by Defendants provides June 30, 2016, as the date on which the request was sent. However, Plaintiff provided no evidence that Defendants' counsel perpetrated a fraud on the Court. Moreover, neither Defendants nor their counsel had any incentive to intentionally misrepresent the date on which the request for waiver was sent, insofar as they were not obligated to waive service. Even if Defendants' counsel had intentionally misrepresented the date on which the request for waiver was sent, it would not merit an entry of default against the Defendants.

## C.     *Conclusion*

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Accordingly, "federal courts should not be agnostic with respect to entry of default judgments . . . ." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). "Where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of . . . securing a trial upon the merits." *Id.* For all these reasons, the Court **denies** Plaintiff's Motion for Default Judgment [27].

SO ORDERED AND ADJUDGED, on this, the 4th day of August, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE