IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**HENRY HINTON, JR.**                                                                                      **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 5:16-cv-14-KS-MTP**

**PIKE COUNTY, ET AL.**                                                                              **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment [38] and Motion to Traverse [44]. Having carefully considered the parties' submissions, the record, and the applicable law, the undersigned recommends that the Motion for Summary Judgment [38] be DENIED and the Motion to Traverse [44] be GRANTED.

## BACKGROUND

This lawsuit arises from events which took place while Plaintiff was incarcerated at the Pike County Jail. According to Plaintiff, he entered the jail as a pretrial detainee on June 30, 2014, and was housed in the jail as a pretrial detainee until October 6, 2015, when he was convicted of multiple felonies.

In his complaint and as clarified at his *Spears*[1] hearing, Plaintiff alleges, *inter alia*, that on August 2, 2015, he was placed in cell no. 101, a one-man cell in the medical unit of the jail. Plaintiff alleges that, despite the fact that the cell was designed to hold one man, a second mattress was placed on the floor and two men were housed in the cell. Plaintiff alleges that he was housed in that cell until November 24, 2015. During that time, Plaintiff was allegedly allowed out of his cell for ten minutes each day for a shower and was not allowed to participate

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

1

in any outdoor recreation. Plaintiff also alleges that there was insufficient room in his cell to exercise.

According to Plaintiff, he asked Defendant Donna Adams for recreation time, but she informed him that the jail was short staffed and could not provide outdoor recreation for him. Plaintiff alleges that he did not have any contact with Defendant Sheriff Sheppard, but claims that Sheriff Sheppard failed to implement a policy which allowed Plaintiff to participate in outdoor recreation. *See* Omnibus Order [36].

On December 8, 2016, Plaintiff filed a Motion for Summary Judgment [38], arguing that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law because he was deprived of outdoor recreation. On January 13, 2017, Defendants filed a Response [40], contesting Plaintiff's factual assertions. Defendants also request that the Court strike Plaintiff's Motion [38] because Plaintiff failed to cite particular parts of the record, including depositions, documents, affidavits, and discovery responses. On February 13, 2017, Plaintiff filed a Motion to Traverse [44] in which he requests the opportunity to support his Motion for Summary Judgment and respond to Defendants' motion to strike. On March 20, 2017, Plaintiff also filed a Supplement [45] to his Motion for Summary Judgment.

## STANDARD FOR SUMMARY JUDGMENT

This Court may grant summary judgment only if, viewing the facts in a light most favorable to non-movant, the movant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the movant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that the

court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id* at 712.  However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

## ANALYSIS

In his Motion for Summary Judgment [38], Plaintiff reasserts the allegations in his complaint, as clarified at his *Spears* hearing, and argues that because he was deprived of outdoor recreation for more than one hundred days, he is entitled to summary judgment.

The Fifth Circuit has held that neither prisoners nor pretrial detainees has a *per se* constitutional right to outdoor exercise or recreation. *Callicutt v. Panola County Jail*, 200 F.3d 816, 1999 WL 1095663, at *3 (5th Cir. 1999); *Jones v. Diamond*, 594 F.2d 997, 1013 (5th Cir. 1979).  "There is no requirement that inmates at a county jail be permitted outdoor recreation– only that 'in matters of physical health [] that the jailer must not be deliberately indifferent to the serious needs of his prisoners.'" *Busby v. Thompson*, 2008 WL 2942133, at *2 (N.D. Miss. July 28, 2008) (quoting *Jones*, 594 F.2d 997).  Pretrial detainees "may not be continuously incarcerated in an institution designed to punish, where outdoor recreation is reasonably possible[, but] [t]his does not reach so far as to hold that every pretrial detainee in every jail is automatically entitled as a matter of constitutional right to outdoor exercise." *Jones*, 594 F.2d at 1013.

Courts should consider the "'totality of the circumstances.'" *Ivey v. Tishomingo Cty., Miss.*, 2010 WL 6580499, at *3 (N.D. Miss. Nov. 15, 2010) (quoting *McCord v. Maggio*, 910

F.2d 1248 (5th Cir. 1990)). Courts should consider factors such as the size of an inmate's cell, the time he spends locked in his cell per day, and the overall duration of his confinement. *Tucker v. Royce*, 2011 WL 541116, at **5-6 (N.D. Miss. Feb. 8, 2011) (citing Ruiz *v. Estelle*, 679 F.2d 1115 (5th Cir. 1982)).

In response to Plaintiff's Motion for Summary Judgment,[2] Defendants submit an affidavit from Glenn A. Green, the administrator of the Pike County Jail from January 1, 2008, to January 1, 2016. *See* Green Affidavit [40-1]. Green states that he is familiar with the jail's recreational facilities and familiar with Plaintiff. According to Green, after Plaintiff was involved in a physical confrontation with another inmate, Plaintiff was placed in isolation for his protection. Specifically, Green states: "We sought to give protection to Mr. Hinton and we isolated him from other prisoners for very brief periods. . . . I do not have specific recall of the exact amount of days, but it was not more than thirty (30) days." *Id*.

The Court notes that "a pretrial detainee cannot be subjected to conditions or restrictions that are not reasonably related to a legitimate governmental purpose." *Hare*, 74 F.3d at 640. Maintenance of prison discipline and security is a legitimate function of prison officials, who must be accorded broad discretion in that function. *See Waganfeald v. Gusman*, 674 F.3d 475, 485 (5th Cir. 2012) (citing *Whitley v. Albers*, 475 U.S. 312, 322 (1986); *Bell*, 441 U.S. at 546-47 ("Security considerations are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the

---

[2] As mentioned above, Defendants request that the Court strike Plaintiff's Motion [38] because Plaintiff failed to cite particular parts of the record. *See* Response [40]. Additionally, in his Supplement [45], Plaintiff requests that the Court strike Defendants' Response [40] as untimely. The undersigned recommends that the parties' requests that the Court strike particular pleadings be denied and that the Motion for Summary Judgment and Response be considered on their merits.

officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters.").

In rebuttal,[3] Plaintiff attacks the credibility of Green's statements, arguing that he never saw Green at the jail, that Green is mistaken about the facts of Plaintiff's physical confrontation and injuries, and that Green is mistaken about the amount of time Plaintiff spent in "lock down."[4] However, it is the function of the finder of fact, and not the Court via summary judgment, to weigh conflicting evidence and determine the credibility of witnesses. As the movant, Plaintiff has the burden to establish that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. Plaintiff has failed to meet that burden. Accordingly, the undersigned recommends that the Motion for Summary Judgment be denied.

## CONCLUSION

The undersigned recommends that Plaintiff's Motion to Traverse [44] be GRANTED. Further, as Plaintiff has failed to meet his burden of demonstrating that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law, the undersigned recommends that Plaintiff's Motion for Summary Judgment [38] be DENIED.

---

[3] In rebuttal, Plaintiff filed a Motion to Traverse [44], requesting the opportunity to support his Motion for Summary Judgment and respond to Defendants' motion to strike his Motion for Summary Judgment. To the extent Plaintiff requests that his Motion [44] be considered as a response to Defendant's motion to strike and as a rebuttal in support of his Motion for Summary Judgment, the undersigned recommends that the Motion [44] be granted.

[4] Plaintiff mentions documents filed in multiple cases pending before the Court which he asserts support his allegation regarding the amount of time he spent in "lock down." Plaintiff did not attach these documents to his reply or provide record citations. Instead, he requests that the Court find and review these documents. The undersigned declines Plaintiff's request to scour the records in search of documents which support his claim. Moreover, although the documents described by Plaintiff may support his claim, they would not establish that Plaintiff is entitled to judgment as a matter of law.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 23rd day of March, 2017.

> s/Michael T. Parker
> UNITED STATES MAGISTRATE JUDGE