IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

HENRY HINTON, JR.                                                                    PLAINTIFF

VS.                                        CIVIL ACTION NO. 5:16-cv-14-KS-MTP

PIKE COUNTY, ET AL

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DENYING MOTION FOR SUMMARY JUDGMENT [38], ETC.

This cause is before the Court on Motion for Summary Judgment [38] and Motion to Traverse [44] filed by Plaintiff Henry Hinton, Jr. United States Magistrate Judge Michael T. Parker has submitted a Report and Recommendation [46] herein recommending that the Court deny the Motion for Summary Judgment [38] and grant the Motion to Traverse [44]. For the reasons hereinafter stated the Court find that the Magistrate Judge's recommendations should be accepted for the following reasons.

I.  BACKGROUND

This lawsuit arises from events which took place while Plaintiff was incarcerated at the Pike County Jail. According to Plaintiff, he entered the jail as a pretrial detainee on June 30, 2014, and was housed in the jail as a pretrial detainee until October 6, 2015, when he was convicted of multiple felonies.

In his complaint and as clarified at his *Spears*[1] hearing, Plaintiff alleges, *inter alia*, that on August 2, 2015, he was placed in cell no. 101, a one-man cell in the medical unit of the jail. Plaintiff alleges that, despite the fact that the cell was designed to hold one man, a second

---
[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

mattress was placed on the floor and two men were housed in the cell. Plaintiff alleges that he was housed in that cell until November 24, 2015. During that time, Plaintiff was allegedly allowed out of his cell for ten minutes each day for a shower and was not allowed to participate in any outdoor recreation. Plaintiff also alleges that there was insufficient room in his cell to exercise.

According to Plaintiff, he asked Defendant Donna Adams for recreation time, but she informed him that the jail was short staffed and could not provide outdoor recreation for him. Plaintiff alleges that he did not have any contact with Defendant Sheriff Sheppard, but claims that Sheriff Sheppard failed to implement a policy which allowed Plaintiff to participate in outdoor recreation. *See* Omnibus Order [36].

On December 8, 2016, Plaintiff filed a Motion for Summary Judgment [38], arguing that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law because he was deprived of outdoor recreation. On January 13, 2017, Defendants filed a Response [40], contesting Plaintiff's factual assertions. Defendants also request that the Court strike Plaintiff's Motion [38] because Plaintiff failed to cite particular parts of the record, including depositions, documents, affidavits, and discovery responses. On February 13, 2017, Plaintiff filed a Motion to Traverse [44] in which he requests the opportunity to support his Motion for Summary Judgment and respond to Defendants' motion to strike. On March 20, 2017, Plaintiff also filed a Supplement [45] to his Motion for Summary Judgment.

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III. PETITIONER'S OBJECTIONS AND ANALYSIS

Hinton's objection is a well written argument for his case in chief. He argues the facts in his Complaint regarding his denial of recreation and also argues the incorrectness of the Affidavit and response from the defendant. The crux of his argument on this point is that what he says is right and what the other side says is wrong. In doing this plaintiff begs the question: "are there factual disputes and material questions of fact remaining to be determined?" If there remain material questions of fact then the summary judgment motion should be, as Judge Parker recommended, denied. After a reading of plaintiff's pleadings and the affidavit of defendant's jailer Glenn Green, it is clear to the Court that there remain substantial factual disputes. If material questions of fact remain then disposing of the case on summary judgment is improper.

The plaintiff also attacks Judge Parker's application of the law. The Court has considered Judge Parker's application and finds that it is proper and correct.

Plaintiff will be given his day in Court to establish the facts before a jury and the

defendant will be allowed to contest those facts alleged by plaintiff also before the same jury. The Court finds that the objection of plaintiff is not well taken.

IV. CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised in the objection. For the reasons set forth above, this Court concludes that Hinton's objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Henry Hinton Jr's Motion for Summary Judgment [38] is **denied** and Motion to Traverse [44] is **sustained.**

SO ORDERED this, the     24th      day of April, 2017.

          s/Keith Starrett
UNITED STATES DISTRICT JUDGE