# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**HENRY HINTON, JR.**                                                                  **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 5:16-cv-14-KS-MTP**

**PIKE COUNTY, ET AL.**                                                  **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court for an evidentiary hearing on January 29, 2018, pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).[1] Plaintiff appeared *pro se*, and Honorable Wayne Dowdy appeared on behalf of Defendants Pike County, Sheriff Mark Sheppard, Donna Adams, and Lieutenant Harold Clements.[2] Having heard the arguments of the parties and considered all the evidence, the undersigned finds that Plaintiff failed to prove by a preponderance of the evidence the claims asserted against the Defendants. Accordingly, the undersigned recommends that this matter be dismissed with prejudice.

## BACKGROUND

This lawsuit arises from events which took place while Plaintiff was incarcerated at the Pike County Jail.[3] According to Plaintiff, he entered the jail on June 30, 2014, and was

---

[1] On April 18, 2016, United States District Judge Keith Starrett referred this matter to the undersigned United States Magistrate Judge for all further proceedings, including evidentiary hearings, pursuant to 28 U.S.C. § 636 and Rule 72. *See* Order [13] (referring this matter to the Magistrate Judge to, *inter alia*, conduct hearings and submit to the District Judge "proposed findings of fact and recommendations for the disposition of this cause.").

[2] Plaintiff initially named "Lieutenant Harold" as a defendant, and on October 26, 2016, Defendants identified "Lieutenant Harold" as Lieutenant Harold Clements. *See* Notice [34].

[3] Plaintiff also filed two other lawsuits arising from events which took place at the Pike County Jail. *See* Civil Action No. 5:15-cv-77-DCB-MTP; Civil Action No. 5:16-cv-33-DCB-MTP. Additionally, Plaintiff filed a lawsuit concerning the events surrounding his arrest in Pike

transferred to a Mississippi Department of Corrections facility on November 24, 2015. Plaintiff asserts three claims in this action: (1) a claim for violations of his privacy rights against Defendant Mark Sheppard; (2) a claim for deprivation of his property against Defendant Harold Clements; and (3) a claim for denial of adequate outdoor recreation against Defendants Sheppard and Donna Adams. As relief, Plaintiff seeks monetary damages from Defendants.

## ANALYSIS

**Privacy Rights**

During the evidentiary hearing, Plaintiff stated that he no longer wishes to pursue any claim based on his privacy rights and wants this claim dismissed. No Defendant opposed the request. Accordingly, the undersigned recommends that Plaintiff's claims based on his privacy rights be dismissed with prejudice.

**Deprivation of Property**

At the evidentiary hearing, Plaintiff testified that other inmates attacked him and injured his eye on July 21, 2015.[4] Plaintiff stated that his doctor prescribed him a second pair of glasses after the attack. According to Plaintiff, his daughter purchased the prescribed glasses and a nurse brought the glasses to him at the jail. Plaintiff testified that on August 2, 2015, he was moved to the medical unit of the jail, and once his belongings were brought to him, he discovered that a pair of his glasses were missing. According to Plaintiff, he wrote Defendant Harold Clements asking for his glasses, and Defendant Clements told him to contact Nurse Janet Moore regarding the missing glasses. Plaintiff stated that he wrote Nurse Moore but never received his glasses.

---

County, but the Court dismissed that action on December 12, 2016. *See* Civil Action No. 5:16-cv-15-DCB-MTP.

[4] In another civil action, Plaintiff asserts claims against jail officials arising from the July 21, 2015, incident. *See* Civil Action No. 5:15-cv-77-DCB-MTP.

Nurse Moore testified that she did not take and never had his glasses. She also testified that there are no medical records indicating that he needed additional glasses.

"[A] negligent act causing an unintended loss of property does not violate due process." *Cork v. Addington*, 30 F.3d 1493, 1994 WL 398473 (5th Cir. July 20, 1994). An intentional deprivation of property only gives rise to a due process violation when the deprivation was officially authorized. *Brewer v. Hightower*, 628 Fed. App'x. 303 (5th Cir. 2016). The plaintiff must prove both the deprivation and the procedure under which it was authorized. *Id*.

Plaintiff did not testify or otherwise present evidence that Defendant Clements, or any other Defendant, intentionally deprived him of his glasses. Plaintiff testified that he wrote Defendant Clements asking for his glasses, but never received his glasses. The failure to investigate and correct an alleged deprivation is not a constitutional violation. *Dehghani v. Vogelgesang*, 226 Fed. App'x. (5th Cir. 2007). Nurse Moore testified that she never had Plaintiff's glasses, and Plaintiff's testimony did not contradict Nurse Moore's testimony.

Moreover, Plaintiff did not testify or otherwise present evidence that he was deprived of his property as a result of an unconstitutional policy. "Under the *Parratt/Hudson* doctrine, a state actor's random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides as adequate post-deprivation remedy." *Alexander v. Ieyoub*, 62 F.3d 709, 712 (5th Cir. 1995) (citations omitted); *see also Hudson v. Palmer*, 468 U.S. 517, 533(1984); *Parratt v. Taylor*, 451 U.S. 527 (1981). The Fifth Circuit has upheld the dismissal of prisoners' suits for property deprivation because of the availability of state law remedies. *See, e.g., Myers v. Klevenhage*, 97 F.3d 91, 94-95 (5th Cir. 1996); *Murphy v. J.A. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994); *Marshall v. Norwood*, 741 F.2d 761, 763-64 (5th Cir. 1984).

Mississippi provides a remedy for the deprivation of Plaintiff's property. *See Johnson v. King*, 85 So. 3d 307 (Miss. App. 2012) (finding confiscation of inmate's drinking mug to violate the Takings Clause of the state constitution); *see also Lester v. Lee*, 2014 WL 2505666, at *2 (N.D. Miss. June 3, 2014) (finding that a plaintiff's remedy for the taking of property arises from Mississippi's Constitution and, therefore, is not foreclosed by the Mississippi Tort Claims Act's prohibition of inmates' claims against governmental entities and their employees acting within the course and scope of their employment); *Montgomery v. Palmer*, 2013 WL 5423910, at *4 (N.D. Miss. Sept. 26, 2013). It is Plaintiff's burden to prove that this post-deprivation remedy is inadequate, and Plaintiff failed to meet his burden. *See Myers*, 97 F.3d at 94-95.

Thus, Plaintiff failed to establish by a preponderance of the evidence that any Defendant violated his constitutional right by depriving him of property without due process.

**Denial of Outdoor Recreation**

Plaintiff testified that on August 2, 2015, he was placed in cell 101, a one-man cell in the infirmary/medical unit of the jail, and that he was housed in this cell until November 24, 2015. Plaintiff alleges that a second mattress was placed on the floor, and two men were housed in the cell. He testified that he had several different cellmates during his time in cell 101, and some of the men were sick or suffering from drug or alcohol withdrawal symptoms, such as vomiting. Plaintiff testified that he would have to ask his cellmate to move in order to get to the toilet.

According to Plaintiff, Defendant Donna Adams was tasked with providing inmates outdoor recreation periods, but she sometimes told Plaintiff that the jail was short staffed and could not provide recreation. Plaintiff testified that during his stay in cell 101, he was only allowed out of the cell each day for a shower.

Jail Administrator Glen Green testified that inmates were usually housed in the infirmary/medical unit for less than thirty days, but because Plaintiff was housed there for his protection, he could have been housed there for a longer period of time.[5] According to Green, Plaintiff had to be moved from zone to zone for his protection from other inmates. Green testified that Plaintiff created problems with other inmates. Green mentioned that Plaintiff had been attacked by other inmates before he was moved to the infirmary.[6]

Defendants submitted an inmate grievance in which Plaintiff requested to be moved from cell 101 and detailed his prior verbal requests to be moved. *See* Defense's Exhibit 11(a). The official's written response to the grievance states, "[i]f you refuse to move, stop requesting to be moved." *Id*. In response, Plaintiff testified that he refused to be moved back to the zone where he had been previously attacked by inmates.

As a pretrial detainee, Plaintiff's constitutional right to adequate conditions of confinement "flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment." *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). Pretrial detainees have a due process right not to be subjected to jail conditions that are imposed for the purpose of punishment. *Bell*, 441 U.S. at 535; *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996). The Fifth Circuit has held that neither prisoners nor pretrial detainees has a *per se* constitutional right to outdoor exercise or recreation. *Callicutt v. Panola County Jail*, 200 F.3d 816, 1999 WL 1095663, at *3 (5th Cir. 1999); *Jones v. Diamond*, 594 F.2d 997, 1013 (5th Cir. 1979). "There is no requirement that inmates at a county

---

[5] Plaintiff stated that Green previously executed an affidavit stating that Plaintiff was not housed in cell 101 for more than thirty days. Plaintiff did not submit the affidavit as an exhibit at the evidentiary hearing.

[6] The attack occurred on July 21, 2015. *See* Civil Action No. 5:15-cv-77-DCB-MTP.

5

jail be permitted outdoor recreation–only that 'in matters of physical health [] that the jailer must not be deliberately indifferent to the serious needs of his prisoners.'" *Busby v. Thompson*, 2008 WL 2942133, at *2 (N.D. Miss. July 28, 2008) (quoting *Jones*, 594 F.2d 997)). Pretrial detainees "may not be continuously incarcerated in an institution designed to punish, where outdoor recreation is reasonably possible[, but] [t]his does not reach so far as to hold that every pretrial detainee in every jail is automatically entitled as a matter of constitutional right to outdoor exercise." *Jones*, 594 F.2d at 1013.

Courts should consider the "'totality of the circumstance.'" *Ivey v. Tishomingo Cty., Miss.*, 2010 WL 6580499, at *3 (N.D. Miss. Nov. 15, 2010) (quoting *McCord v. Maggio*, 910 F.2d 1248 (5th Cir. 1990)). Courts should consider factors such as the size of an inmate's cell, the time he spends locked in his cell per day, and the overall duration of his confinement. *Tucker v. Royce*, 2011 WL 541116, at **5-6 (N.D. Miss. Feb. 8, 2011) (citing Ruiz *v. Estelle*, 679 F.2d 1115 (5th Cir. 1982)).

The undersigned finds that based on the credible testimony and evidence presented at the hearing, Plaintiff was housed in the medical unit of the jail for more than three months to protect him from other inmates. The jail administrator testified that Plaintiff had to be moved from zone to zone to protect him from other inmates. Additionally, it is undisputed that Plaintiff was transferred to the medical unit following an attack by his fellow inmates. Maintenance of jail discipline and security is a legitimate function of jail officials, who must be accorded broad discretion in that function. *Tucker v. Royce*, 2011 WL 541116 at *6 (N.D. Miss. Feb. 8, 2011); *Waganfeald v. Gusman*, 674 F.3d 475, 485 (5th Cir. 2012); *Bell*, 441 U.S. at 546-47 ("Security considerations are peculiarly within the province and professional expertise of corrections officials, and, in absence of substantial evidence in the record to indicate that the officials have

exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters."). For an inmate who is segregated from other inmates for his own protection, logistical and practical concerns can result in less privileges for the inmate.

Plaintiff failed to prove that his incarceration in the infirmary and the restrictions on his outdoor recreation were not reasonably related to a legitimate governmental purpose or that Defendants were deliberately indifferent to his physical health. *See Robinson v. Saucier*, 2013 WL 1310552, at *5-6 (S.D. Miss. Jan. 28, 2013). Moreover, Plaintiff's claims for compensatory damages are barred by the physical injury requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997, *et seq*. Plaintiff did not prove by a preponderance of the evidence that he suffered a physical injury. Thus, Plaintiff's claims for compensatory damages should be denied. *See Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) ("Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries nonrecoverable, absent physical injury.").[7] Plaintiff failed to establish by a preponderance of the evidence that Defendants violated his constitutional right by depriving him of adequate outdoor recreation.

**Official Capacity and Governmental Entity**

To the extent Plaintiff asserts claims against Pike County and the individual Defendants in their official capacities, such claims also fail. There is no *respondeat superior* liability under Section 1983. *See Oliver v. Scott*, 276 F.3d 736, 742 & n.6 (5th Cir. 2002). Further, Plaintiff failed to prove that Pike County implemented a policy, custom, or practice that was the "moving

---

[7] Despite the limitations imposed by § 1997e(e), a prisoner can, absent a showing of physical injury, pursue punitive or nominal damages based upon a violation of his constitutional right, but Plaintiff has failed to prove a constitutional violation. *See Hutchins v. McDaniels*, 512 F.3d 193, 197-98 (5th Cir. 2007).

force" behind a constitutional violation. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that this action be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 9th day of February, 2018.

                                                            s/ Michael T. Parker
                                                            United States Magistrate Judge