IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

HENRY HINTON, JR.

VS.                                                      CIVIL ACTION NO. 5:16cv14-KS-MTP

PIKE COUNTY, ET AL

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Report and Recommendation [75] entered by Magistrate Judge Michael T. Parker . The above described case was referred to Judge Parker pursuant to 28 U.S.C. §636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). Magistrate Parker conducted the evidentiary hearing and following the hearing found that Plaintiff failed to prove by a preponderance of the evidence the claims asserted against the Defendants and recommended that Plaintiff's Petition be dismissed with prejudice.

1. PROCEDURAL HISTORY

This lawsuit arises from events which took place while Plaintiff was incarcerated at the Pike County Jail.[1] According to Plaintiff, he entered the jail on June 30, 2014, and was transferred to a Mississippi Department of Corrections facility on November 24, 2015. Plaintiff asserts three

---

[1] Plaintiff also filed two other lawsuits arising from events which took place at the Pike County Jail. *See* Civil Action No. 5:15-cv-77-DCB-MTP; Civil Action No. 5:16-cv-33-DCB-MTP. Additionally, Plaintiff filed a lawsuit concerning the events surrounding his arrest in Pike County, but the Court dismissed that action on December 12, 2016. *See* Civil Action No. 5:16-cv-15-DCB-MTP.

claims in this action: (1) a claim for violations of his privacy rights against Defendant Mark Sheppard; (2) a claim for deprivation of his property against Defendant Harold Clements; and (3) a claim for denial of adequate outdoor recreation against Defendants Sheppard and Donna Adams. As relief, Plaintiff seeks monetary damages from Defendants.

## II. STANDARD OF REVIEW

The Petitioner has objected to the Report and Recommendation [75] by filing his Objection [81]. The Court has reviewed the Report and Recommendation and Objection. When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III. PETITIONER'S OBJECTIONS AND ANALYSIS

In his objections Hinton lists a number of conclusory statements that do not address Judge Parker's Report and Recommendation. He also disagrees with the findings of fact and additionally complains that he thinks Judge Parker is biased toward the defendants. He offers no

evidence other than his personal opinion.

### Claim for Property Theft

Plaintiff testified that other inmates attacked him and injured his eye on or about July 21, 2015.  He further testified that he was prescribed a second pair of glasses after the attack and that his family purchased the glasses for him. On August 2, 2015, he was moved to the medical unit for his own protection from other inmates and he claims that his new glasses were missing and that he attempted to have Defendant Harold Clerments return his glasses to him. Petitioner makes conclusory statements that Defendant Clements was responsible for his glasses but as Judge Parker found there are adequate remedies in the state system to recover property that was improperly taken.  More importantly, no proof was presented by the Petitioner regarding the theft of his glasses that implicated anyone with a theft or wrongful deprivation. His supposition was that Defendant Clerments had the glasses. When an inmate claims deprivation of property there must be proof that the procedure to recover the property is inadequate. Plaintiff failed to meet that burden. He further failed to establish that any defendant violated his constitutional right by depriving him of property without due process. He seems to claim that there is a federal constitutional provision against taking of property but he has not invoked the Federal Constitution in his complaint.

### Denial of Recreation

Petitioner also claims that he was denied recreation. Judge Parker clearly found that the placing of Petitioner in the infirmary was to protect him from other inmates. It is clear that the law gives the right to the prison officials to maintain a safe and secure institution.  There is no constitutional right to "recreation" as claimed by defendant. There is a constitutional right to be

free from cruel and unusual punishment pursuant to the Eighth Amendment, and there are also some rights under the Fourteenth Amendment for pretrial detainees. None of the objections voiced by the Petitioner establish constitutional violations nor do they establish that Judge Parker erred in his factual findings or judgment. The Pike County jail is not a pleasant place to be, and Petitioner makes his claims known. He also complains about being in the infirmary and with other inmates. However, he has not established that his constitutional rights were violated.

## IV. CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Hinton's objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Henry Hinton Jr.'s claim is **dismissed with prejudice**. All other pending motions are denied as moot.

SO ORDERED this, the   27th   day of   June  , 2018.

                                                                s/Keith Starrett
                                                             UNITED STATES DISTRICT JUDGE